1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DEBORAH J. KESSLER                    )
                                      )
        Plaintiff,                    )       3:11-cv-00321-HDM-VPC
                                      )
        v.                            )       **REPORT AND RECOMMENDATION**
                                      )       **OF U.S. MAGISTRATE JUDGE**
                                      )
MICHAEL J. ASTRUE                     )
Commissioner of Social Security       )
                                      )       May 11, 2012
        Defendants.                   )
_____)

        This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior

United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant

to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.  Before the court is

plaintiff's motion for remand (#15).[1]  Defendant opposed and filed a cross-motion for summary

judgment (#16, #17).[2]  Plaintiff filed a reply (#20).  For the reasons set forth below, the court

recommends that plaintiff's motion for remand (#15) be denied and defendant's cross-motion for

summary judgment (#17) be granted.

## I. ADMINISTRATIVE PROCEEDINGS

        Plaintiff Deborah J. Kessler ("plaintiff") previously filed an application for Social Security

Disability Insurance benefits on November 1, 2002 (AR 72). Following a denial of that application

initially and upon reconsideration, ALJ Mark Ramsey found that plaintiff was not disabled and

denied her claim for benefits on October 24, 2005.  *Id*. at 69-72.

        Subsequently, on January 31, 2006, plaintiff filed another application for Social Security

Disability Insurance benefits under Title II of the Social Security Act and for Supplemental Security

Income under Title XVI of the Act.  *Id*. at 11.  Plaintiff alleged disability due to rheumatoid arthritis,

---

[1]     Refers to the court's docket number.

[2]     Docket numbers 16 and 17 are identical.

rotor cuff tear, degenerative disc disease, osteoporosis, tendinitis, a bulging disc, shoulder pain, back pain, hand and finger numbness, neck pain, knee pain, chronic fatigue, insomnia, anxiety, and depression. *Id*. at 15. The Commissioner denied plaintiff's claim initially and upon reconsideration. *Id*. at 1-3. On October 6, 2008, plaintiff and her attorney, Mr. John Gordon, appeared at a video hearing before ALJ Stanley Hogg. *Id*. at 32-61. The ALJ filed a written opinion on January 13, 2009, in which he upheld the denial of plaintiff's claim. *Id*. at 11-20. Plaintiff requested administrative review on January 13, 2009, and the Appeals Council denied review on March 25, 2011, rendering the ALJ's decision final. *Id*. at 1-3. Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on May 5, 2011 (#1).

## II. BACKGROUND

Plaintiff was fifty-three years old at the time of her hearing before ALJ Hogg (AR 38). Plaintiff is a high school graduate. *Id*. at 39. Plaintiff's past relevant employment includes work as a hotel room service cashier, a housekeeper, and an espresso attendant. *Id*. at 39-41. Plaintiff alleges that she became disabled on October 25, 2005. *Id*. at 99.

Plaintiff previously filed an application for Social Security Insurance benefits on November 1, 2002, alleging disability beginning on February 2, 1999. *Id*. at 69, 72. Following a denial of that application initially and upon reconsideration, ALJ Ramsey found on October 24, 2005, that plaintiff was not disabled. *Id*. In the 2005 decision, ALJ Ramsey found that plaintiff was not disabled and that she engaged in substantial gainful activity from May 30, 2003 to August 2005 as a room service cashier. *Id*. at 72. ALJ Ramsey also concluded that plaintiff could perform her past relevant work as an espresso attendant. *Id*.

Following the most recent hearing, ALJ Hogg found that plaintiff has the residual functional capacity ("RFC") to perform light work and is capable of performing past relevant work. *Id*. at 15, 19. Accordingly, the ALJ found plaintiff "not disabled." *Id*. at 19. Specifically, the ALJ made the following findings:

1.  The claimant met the insured status requirements of the Social Security Act through December 31, 2006.

2.  The claimant has not engaged in substantial gainful activity since October 25, 2005, the alleged onset date of disability (20 CFR 404.1571 *et seq.* and

2

416.971 *et seq.*).

3. The claimant has the following severe impairments: rheumatoid arthritis, fibromyalgia, and obesity (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant should avoid climbing ladders/ropes/scaffolds. The claimant can perform frequent but not constant handling. The claimant should avoid frequent overhead reaching, concentrated exposure to temperatures, and working at heights and around machinery. The claimant's testimony is not fully credited because it is not fully consistent with the record as a whole.

6. The claimant is capable of performing past relevant work as a room service cashier and espresso attendant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 25, 2005 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(AR 11-20).

### III.  STANDARD OF REVIEW

The court must uphold the decision of an ALJ if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g).  "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), citing *Smolen*, 80 F.3d at 1279.  "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings.  However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted).  The ALJ alone is responsible for determining credibility and resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111,

3

1    1113 (9th Cir. 1999).

2         The Social Security Administration defines disability as the "inability to engage in any

3    substantial gainful activity by reason of any medically determinable physical or mental impairment

4    which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."

5    42 U.S.C. § 423(d)(1)(A).   A claimant is considered disabled "only if his physical or mental

6    impairment or impairments are of such severity that he is not only unable to do his previous work

7    but cannot . . . engage in any other kind of substantial gainful work which exists in the national

8    economy."  42 U.S.C. § 423(d)(2)(A).

9         Pursuant to the Social Security Act, the Secretary has adopted regulations which establish

10   a formalized, five-step sequential evaluation process to determine whether a claimant is disabled.

11   *See* 20 C.F.R. § 404.1520.  The ALJ considers: (1) whether the person is engaging in substantial

12   gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or

13   equals a listed impairment and meets the duration requirement; (4) whether the individual is capable

14   of doing work he or she has done in the past; and (5) whether the impairment prevents the person

15   from doing any other work.  *Id.*  If at any point in the five-step inquiry it is determined that a

16   claimant is or is not disabled, further review is unnecessary.

17                                    **IV.  ANALYSIS**

18      Plaintiff challenges the ALJ's findings on the grounds that the ALJ: (1) erroneously found

19   that plaintiff could return to past work and failed to consult a vocational expert; (2) failed to apply

20   the Medical-Vocational Guidelines; and (3) made incomplete findings at step two (#15).  Defendant

21   contends that the ALJ's opinion is supported by substantial evidence in the record, is free of legal

22   error, and should be affirmed. (#17).

23   **A.          Plaintiff's Past Relevant Work**

24         Plaintiff claims that the ALJ erred in finding that she is able to return to past work as a

25   room service cashier and espresso attendant (#15, p. 6).  Plaintiff argues that there is no evidence that

26   these jobs are past relevant work.  *Id.*  Defendant contends that the ALJ properly found that

27   plaintiff's work as a room service cashier and espresso attendant constituted past relevant work, and

                                            4

1    that res judicata applies to the prior ALJ's findings (#17, pp. 9-10).

2            At step four of the sequential evaluation, the regulations consider the claimant's ability

3    to "do your previous work." 20 CFR § 404.1520(e), 416.920(e). This involves a determination of

4    the claimant's residual functional capacity and a determination of the claimant's ability to return to

5    previous work. Social Security Administration regulations define past relevant work as work which

6    was "done within the last 15 years, lasted long enough for you to learn to do it, and was substantial

7    gainful activity." 20 CFR § 404.1565. The Social Security Administration's primary criterion for

8    determining whether a claimant's work is "substantial gainful activity" is the amount of the

9    claimant's earnings per year.

10           **1.      Administrative Res Judicata and Past Relevant Work Findings**

11           Plaintiff claims that the ALJ cannot rely on the prior ALJ's finding regarding past

12   relevant work because there is no work history report in the record (#15, pp. 6-7). Plaintiff makes

13   no mention of res judicata and does not discuss how it may affect this case. Defendant's position

14   is that the ALJ "properly gave res judicata effect to these findings" related to substantial gainful

15   activity and past relevant work (#17, pp. 9-10). The court agrees.

16           "The principles of res judicata apply to administrative decisions, although the doctrine

17   is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*,

18   844 F.2d 691, 693 (9th Cir. 1988). To overcome a presumption of non-disability which arises from

19   a previous ALJ's finding of non-disability, a claimant mst prove "changed circumstances" which

20   indicate a greater disability. *Id.*, citing *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985).

21           Although the ALJ found a change in the plaintiff's age and RFC, there was no material

22   change in her education or past work and transferable skills (AR 19).[3] Even if a claimant rebuts the

23   presumption of non-disability, a court must give res judicata effect to ALJ findings when

24   adjudicating the subsequent claim, including the findings of a claimant's education or work

25   experience. Acquiescence Ruling (AR) 97-4(9), 1997 WL 742758, *3. Adjudicators must adopt

26   findings of a prior ALJ regarding RFC, education, or work experience, unless there is new and

27

---

[3]      ALJ Ramsey also determined that plaintiff had the RFC to perform light work; however, ALJ Hogg found that plaintiff had additional limitations (AR 15, 72).

5

material evidence relating to such a finding or there has been a change in the law, regulations, or rulings affecting the finding. *Id*. In *Chavez*, the court concluded that "where the final decision on the prior claim, which found the claimant not disabled, contained findings of the clamant's residual function capacity, education, and work experience, the Administration may not make different findings in adjudicating the subsequent disability unless there is new and material evidence." *See Chavez*, 844 F.2d at 694. Thus, while plaintiff's age and changed RFC may overcome the presumption of continuing non-disability, that alone is insufficient to rebut the specific findings of the prior decision. *Id.* There is no new and material evidence relating to the findings of plaintiff's past relevant work.

Here, the ALJ acknowledged that plaintiff filed an earlier claim for Social Security disability benefits in 2002, which was finally denied by an ALJ in 2005 (AR 11). The ALJ stated that the doctrine of res judicata is pertinent to plaintiff's current Title II and XVI applications, and that the hearing decision in 2005 gives rise to a presumption of continuing non-disability. *Id*. The ALJ addressed the applicability of AR 97-4(9) and determined that plaintiff had rebutted the presumption of continuing non-disability because there was a material change in the claimant's age and RFC. *Id*. at 19. Therefore, the ALJ continued his analysis to determine whether plaintiff presented new and material evidence which would qualify her for disability benefits.

In regard to plaintiff's past relevant work experience, the ALJ concluded that there was no material change in her education, or past work and transferable skills. *Id*. Because plaintiff's work experience was the same, the ALJ adopted the findings previously made with respect to the question of whether the claimant could perform the requirements of her past relevant work as an espresso attendant. *Id*. In 2005, ALJ Ramsey found that 1) plaintiff engaged in substantial gainful activity as a room service cashier; and 2) plaintiff was able to perform her past relevant work as an espresso attendant (AR 72). As such, the ALJ found that plaintiff's work as an espresso attendant and room service cashier constituted past relevant work according to the regulations. Work constitutes past relevant work if it was performed "within the last 15 years," "lasted long enough for you to learn to do it," and "was substantial gainful activity," which is determined primarily based on the claimant's earnings. 20 CFR § 404.1565.

1    The ALJ did not rely solely on the prior ALJ decision.  Plaintiff stated in her hearing that

2    she worked as an espresso attendant in 1996, which falls within the 15-year period before the ALJ's

3    decision (AR 40-41).  Plaintiff's earnings record reveals that in 1996, she earned $6,937.62.  *Id.* at

4    106.  The substantial gainful activity earnings level for that year was $500 per month.  *See* Social

5    Security Administration Program Operations Manuel System (POMS) DI 10501.015.  The ALJ

6    properly concluded that plaintiff's position as an espresso attendant constituted past relevant work.

7    In regard to work as a room service cashier, ALJ Ramsey noted in his decision in 2005

8    that plaintiff's earnings during 2003 and 2004 exceeded substantial gainful levels (AR 19, 69, 72,

9    106).  Plaintiff testified that she worked as a room service cashier after working as an espresso

10   attendant, and thus, it must have been within the 15-year requirement.  *Id.* at 39-40.  Additionally,

11   the ALJ cited to exhibits and to the prior ALJ decision which show that plaintiff earned sufficient

12   income as a room service cashier in order for her position to constitute substantial gainful activity.

13   *Id.* at 19, 69, 72, 106. Thus, the ALJ did not err in finding that plaintiff's work as a room service

14   cashier constituted past relevant work.

15   It is uncontested that defendant did not include a work history report in the

16   administrative record.  However, defendant did include the 2005 ALJ decision (AR 66-72).  In that

17   decision, ALJ Ramsey found that plaintiff was not disabled in 2005.  *Id.* at 72.  In the instant case,

18   the ALJ correctly applied the standards set forth in *Chavez* and Acquiescence Ruling 97-4(9).  The

19   ALJ found that plaintiff had rebutted the presumption of non-disability and therefore continued to

20   step two of the Acquiescence Ruling, and analyzed plaintiff's medical records.  After reviewing the

21   records, the ALJ found no new material regarding plaintiff's past relevant work.  Plaintiff's

22   education and work experience remained the same as in the 2005 ALJ decision.  Therefore, the ALJ

23   was able to adopt the findings from the 2005 ALJ decision with respect to whether the plaintiff

24   "could perform her past relevant work as an espresso attendant." *Id.* at 19.  In the 2005 hearing, ALJ

25   Ramsey determined that plaintiff's work as a room service cashier and espresso attendant was

26   substantial gainful activity and occurred with the 15-year period as required by the regulations.  *Id.*

27   at 69.  The ALJ correctly applied the findings made in the prior decision that plaintiff could perform

her past relevant work as an espresso attendant and that her work as a room service cashier

1    constituted "substantial gainful activity."

2            **2.    Plaintiff's Residual Functional Capacity and Ability to Return to Past Work**

3            Second, plaintiff contends that the ALJ's finding that she is capable of doing work she

4    did in the past is inconsistent with her RFC (#15, p. 8).  Defendant argues that substantial evidence

5    supports the ALJ's finding that plaintiff could perform her past work as the plaintiff actually

6    performed it (#17, p. 10).  The court agrees.  The ALJ discussed plaintiff's medical history and daily

7    activities in significant detail before making a determination on plaintiff's RFC and her ability to

8    perform past relevant work (AR 14-19).

9            A plaintiff is capable of performing past relevant work – and is not disabled – if he or

10   she is capable of performing that work as "the [plaintiff] actually performed it or as generally

11   performed in the national economy."  *See* 20 CFR § 404.1560(b)(2).  "To determine whether a

12   claimant has the [RFC] to perform her past relevant work, the [ALJ] must ascertain the demands of

13   the claimant's former work and then compare the demands with his present capacity."  *Villa v.*

14   *Heckler*, 797 F.2d 794, 798 (9th Cir. 1986).  Here, the ALJ found that the claimant's RFC allowed

15   her to work as a room service cashier and espresso attendant (AR 19).  He explained that the

16   claimant is able to perform these jobs "as [the plaintiff] actually performed" them in the past.  *Id*.

17   Plaintiff cites to the Dictionary of Occupational Titles ("DOT") and argues that she would be unable

18   to perform the description in the DOT for a cashier (#15, p. 8).  However, the ALJ did not rely on

19   the DOT, but on plaintiff's ability to perform work "as previously performed."  *See* 20 CFR §

20   404.1560(b)(2).

21           With respect to work as a room service cashier, plaintiff argues that the job entails

22   standing more than six hours per day (#15, p. 8).  However, plaintiff testified in her hearing that

23   the job entailed answering the phone and taking orders for room service guests (AR 40).  Thus,

24   plaintiff's claim that the job requires standing for more than six hours per day is not supported

25   by the record.  The ALJ found that plaintiff had an RFC allowing for performance of light work.

26   "Light work" is defined as work which requires "a good deal of walking or standing."  20 CFR

27   § 404.1567(b).  Plaintiff has the RFC to perform this work as she actually performed it even if it

     requires standing.

1    With respect to work as an espresso attendant, plaintiff testified that she would lift

2 no more than fifteen or twenty pounds (AR 42). This is consistent with the RFC to perform light

3 work. "Light work" involves "lifting no more than 20 pounds at a time with frequent lifting or

4 carrying of objects weighing up to 10 pounds." 20 CFR § 404.1567(b). Thus, the ALJ's

5 determination that plaintiff could perform work as an espresso attendant, as she actually

6 performed it, is consistent with her RFC.[4]

7    To the extent the plaintiff argues that the ALJ erred in not consulting a vocational

8 expert, the determination of whether a claimant may perform his or her past relevant work does

9 not require the use of vocational testimony. *See Crane v. Shalala*. 76 F.3d 251, 255 (9th Cir.

10 1996). Moreover, the ALJ did not need to consult a vocational expert on the requirements of the

11 jobs because he relied on plaintiff's ability to perform work "as previously performed." *See* 20

12 CFR § 404.1560(b)(2).

13    Viewing the evidence as a whole, substantial evidence supports the ALJ's conclusion

14 that plaintiff has the RFC to perform past relevant work as a room service cashier and espresso

15 attendant.

16 **B.       The Medical-Vocational Guidelines**

17    Plaintiff argues that she should be found disabled pursuant to the Medical-Vocational

18 Guidelines (#15, p. 9). Defendant contends that because the ALJ properly found that plaintiff

19 could perform her past relevant work, there was no need to apply the Medical Vocational

20 Guidelines at step five (#17, p. 12). The court agrees.

21    The ALJ properly assessed plaintiff's limitations based upon the record as a whole

22

23    [4]    Plaintiff also claims that she was required to stand for eight hours, which exceeded a light
exertional level (AR 42). Social Security Ruling 83-10 provides that "the full range of light work requires
24 standing or walking, off and on, for a total of *approximately* 6 hours of an 8-hour workday" (emphasis
added). However, this alone does not preclude plaintiff from performing past work as an espresso attendant.
25 Even if the court were to find that plaintiff could not perform her work as an espresso attendant, the ALJ also
properly found that plaintiff could perform her past relevant work as a room service cashier. The court also
26 notes that ALJ Ramsey concluded in 2005 that plaintiff could perform past work as an espresso attendant.
The RFC formulated in the instant case is almost identical to the RFC in plaintiff's first hearing. The
27 additional limitations that ALJ Hogg included do not relate to the plaintiff's ability to stand. Thus, ALJ
Hogg may give res judicata effect to the prior findings regarding plaintiff's ability to work as an espresso
attendant.

1   and formulated a proper RFC analysis.  The ALJ's RFC finding limited plaintiff to light work

2   with additional limitations.  The ALJ also found that plaintiff could perform her past relevant

3   work.  The ALJ was not required to apply the Medical-Vocational Guidelines because he

4   determined that plaintiff was not disabled at step four and the Administration uses the Guidelines

5   at step five of the sequential evaluation process.  If at any point in the five-step inquiry it is

6   determined that a claimant is or is not disabled, further review is unnecessary.

7   **C.**       **The ALJ's Step Two Determination**

8         Plaintiff argues that the ALJ made incomplete findings at step two because he failed

9   to make necessary findings as to each of plaintiff's alleged impairments (#15, p. 11).  Specifically,

10   plaintiff claims that the ALJ erred when performing the "special technique" analysis of the mental

11   listings' 'B' criteria.  *Id*. at 12.  Defendant contends that the ALJ properly evaluated plaintiff's

12   impairments at step two and properly found that plaintiff's mental impairment was non-severe (#17,

13   p. 4).

14         At step two of the five-step sequential inquiry, the Commissioner determines whether

15   the claimant has a medically severe impairment or combination of impairments.  *Bowen v. Yuckert*,

16   482 U.S. 137, 140-41 (1987).  The Social Security Regulations and Rulings discuss the step two

17   severity determination in terms of what is "not severe."  According to the Commissioner's

18   regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical

19   ability to do basic work activities."  20 CFR §§ 404.1520(c), 404.152(a)(1991).  At the step two

20   inquiry, the ALJ must consider the combined effect of all of the claimant's impairments on her

21   ability to function, without regard to whether each alone was sufficiently severe.  *See* 42 U.S.C. §

22   423(d)(2)(B)(Supp. III 1991).  An impairment or combination of impairments can be found "not

23   severe" only if the evidence established a slight abnormality that has "no more than a minimal effect

24   on an individual's ability to work."  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

25         **1.**     **Determination of Severe Impairments**

26         Plaintiff argues that the ALJ was required to consider all the impairments when

27   formulating plaintiff's RFC (#15, p. 12).  Defendant contends that the ALJ considered all of

plaintiff's impairments when formulating her RFC (#17, p. 6).  Here, the ALJ found that plaintiff

1   has the following severe impairments: rheumatoid arthritis, fibromyalgia, and obesity (AR 13).

2         An ALJ should consider the combined effect of all impairments on a claimant's ability

3   to function, without regard to whether each alone is sufficiently severe.  *See Smolen v. Chater*, 80

4   F.3d 1273, 1289-90 (9th Cir. 1996).  The record shows that the ALJ considered plaintiff's entire

5   medical record and impairments in determining her RFC.  The ALJ provided a detailed analysis of

6   plaintiff's medical impairments and considered the functional effect of all of plaintiff's severe and

7   non-severe impairments supported by the record, in the RFC analysis (AR 15-19).

8         In making his RFC finding, the ALJ "considered all [of plaintiff's] symptoms."  *Id*. at

9   15.  First, the ALJ reviewed Dr. Watson's report examining plaintiff's shoulder and cervical spine

10  impairments, which recommended therapy for plaintiff's neck and shoulder.  *Id*. at 16,163.

11  Regarding plaintiff's thoracic spine and back pain, x-rays showed that "vertebrae are well aligned.

12  Discs are all degenerated and narrowed. No bone destruction or fracture appreciated. No evidence

13  of paraspinal mass" and "no acute bony abnormality." *Id.* at 16, 18, 194.  The ALJ also reviewed

14  medical records regarding back pain, a respiratory infection, foot pain, shoulder pain, left knee pain,

15  and lower back pain. *Id*. at 16.  The ALJ examined x-rays of plaintiff's hip and shoulder.  *Id*.  State

16  agency medical consultant Donna Fortune noted that plaintiff's right shoulder tendinitis limited

17  plaintiff to only being able to occasionally perform overhead reaching.  *Id*. at 16, 219.  The ALJ

18  included this limitation in his RFC assessment.  *Id*. at 15.  Regarding plaintiff's left knee, the ALJ

19  noted that Dr. Sobiek's report revealed that plaintiff's x-rays "looked excellent with no real changes

20  consistent with [rheumatoid arthritis], no joint space narrowing."  *Id*. at 16, 199.    Regarding

21  plaintiff's hip, x-rays showed no fracture or joint space narrowing of either hip.  *Id*. at 16, 197.

22        The ALJ considered consultative physician Dr. Simon's full physical examination in

23  July 2006, after plaintiff's alleged onset date of disability.  *Id*. at 16, 209-15.  Dr. Simon's

24  examination included an assessment of plaintiff's neck, chest, heart, and abdomen.  *Id*.  Dr. Simon

25  concluded that plaintiff's rheumatoid arthritis may affect her shoulder and right index joint, and

26  fibromyalgia with "mild finding in her left back," and made no specific findings of a knee or back

27  impairment.  *Id*. at 211.

11

Lastly, plaintiff's alleged sleep impairment, asthma, hyperthyroidism, and depression were not supported by the record. Her insomnia had improved with medication. *Id*. at 272. Plaintiff's asthma was not determined to be a limitation based on the medical records. *Id*. at 270. Regarding her hyperthyroidism, a physician found in 2001, prior to the alleged onset date of disability, that her thyroid gland was "a bit large superiorly," but in 2006, plaintiff had a normal TSH (thyroid-stimulating hormone) level of 1.200. *Id*. at 294-95. The ALJ adequately addressed any possible mental impairments in his discussion of step two and properly found that "her residual functional capacity [was] not eroded by her mental complaints." *Id*. at 14. Moreover, the Ninth Circuit has held that an ALJ did not err in failing to include certain impairments in its RFC finding where these impairments were not outcome determinative and did not materially limit claimant. *Reynolds v. Astrue*, 252 Fed. Appx. 161 (9th Cir. 2007). Thus, the ALJ did not err even if he did not explicitly include these findings in his RFC analysis.[5]

The ALJ considered both plaintiff's severe and non-severe impairments supported by medical evidence in making his RFC evaluation. The record refutes plaintiff's argument that the ALJ made incomplete findings at step two and failed to consider plaintiff's non-severe impairments in his RFC analysis.[6]

### 2.    Evaluation of Plaintiff's Mental Impairments and the Special Technique

Plaintiff claims that the ALJ erred when performing the "special technique" analysis of the mental listings' 'B' criteria as specified in 20 CFR § 404.1520(a) (#15, p. 12). Adjudicators use the special technique to assess an individual's limitations from a mental impairment in categories identified in the 'paragraph B' criteria of the adult mental disorders listings. 20 C.F.R.

---

[5]    Plaintiff claims the ALJ failed consider the side effects caused by medication (#15, p. 12). However, plaintiff never testified as to any medication side effects and evidence does not suggest that her medication caused functional limitations. Thus, there was no need for the ALJ to consider these alleged side effects. See *Reynolds*, 252 Fed. Appx. 161 at *2.

[6]    To the extent plaintiff argues that the ALJ should have addressed each of plaintiff's impairments, and stated if "each and every one" was severe, this argument fails (#15, p. 11). The ALJ ultimately found that plaintiff had sufficiently severe impairments and evaluated each of the impairments supported by medical evidence in step three to determine their effect on his RFC analysis.

1   §§ 404.1520a(c)(3), 416.920a(c)(3).   The ALJ was required to rate the degree of functional

2   limitation resulting from the impairment(s) in accordance with paragraph (c), which specifies four

3   broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration,

4   persistence, or pace; and (4) episodes of decompensation.  *Id.*

5        In *Gutierrez v. Apfel*, the Ninth Circuit held that the failure of the ALJ to complete and

6   append the Psychiatric Review Technique Form ("PRTF"), as required at the time, required reversal

7   of the district court's decision upholding the ALJ's denial of benefits.  199 F.3d 1048, 1050 (9th

8   Cir. 2000), superseded by regulation as stated in *Blackmon v. Astrue*, 719 F.Supp. 2d 80, 92 (D.D.C.

9   2010).  Although the regulations no longer require attachment of the PRTF, the regulations require

10  the ALJ to complete a PRTF and append it to the decision, or to incorporate its analysis into the

11  ALJ's findings and conclusions.  *Keyser v. Commissioner of Social Security*, 648 F.3d 721, 725 (9th

12  Cir. 2011) (citing 20 C.F.R. § 404.1520a(c)(1) & (2)).

13       Here, the ALJ considered the special technique's four broad functional areas:  activities

14  of daily living;  social functioning;  concentration, persistence, or pace;  and episodes of

15  decompensation.   The ALJ clearly met this requirement by rating and assessing plaintiff's

16  limitations in each of these four functional areas.   The ALJ was not required to make any more

17  specific findings of the claimant's functional limitations.

18       The ALJ determined that plaintiff had only mild limitations in her activities of daily

19  living and cited to state agency psychologist Dr. Araza's PRTF (AR 238).  The ALJ adopted Dr.

20  Araza's findings that plaintiff was only mildly restricted in her activities of daily living.  *Id.* at 14,

21  238.  The ALJ found that plaintiff had a mild limitation in her ability to maintain social functioning.

22  *Id.* at 14.  Plaintiff had a mild limitation in her ability to maintain concentration, persistence, and

23  pace.  In plaintiff's function report, she indicated that she is able to follow written and spoken

24  instructions.  *Id.* at 132.  Plaintiff had no episodes of decompensation.  *Id.* at 14.  The ALJ

25  supported his findings by referring to the state agency findings and the psychological consultative

26  physician's opinion.  *Id.* at 14.

27       Dr. Araza determined the while plaintiff has an affective disorder, her impairment is

1  not severe.  *Id*. at 238.  A consultative examiner, Dr. Lewis, determined that plaintiff had no

2  functional limitations and that she could "understand, remember and carry out instructions."  *Id.* at

3  207.  Dr. Lewis concluded that plaintiff can "interact appropriately with supervisors, co-workers

4  and the general public" and that "barriers to employments are not psychological in nature."  *Id*.

5      Based on these factors, the ALJ determined that plaintiff's depressive disorder was not

6  a severe impairment.  *Id*.  at 14.  Plaintiff's argument that the ALJ failed to make his own findings

7  is not supported by the record.  In *Keyser*, the Court remanded a decision because the ALJ failed

8  to make a finding as to the degree of limitation in any of the four functional areas.  648 F.3d at 726.

9  Here, review of the record reveals that the ALJ considered plaintiff's mental impairment throughout

10  his decision and made a finding as to the degree of limitation in the four functional areas.

11                          **V. CONCLUSION**

12      Based on the foregoing, the court concludes that the ALJ's decision was supported by

13  substantial evidence and therefore recommends that plaintiff's motion for remand (#15) be denied

14  and defendant's cross-motion for summary judgment (#17) be granted.  The parties are advised:

15

16      1.      Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

17  Practice, the parties may file specific written objections to this report and recommendation within

18  fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's

19  Report and Recommendation" and should be accompanied by points and authorities for

20  consideration by the District Court.

21      2.      This report and recommendation is not an appealable order and any notice of

22  appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

23  judgment.

24

25

26

27

1

## VI. RECOMMENDATION

2          **IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand (#15) be

3   **DENIED** and defendant's cross-motion for summary judgment (#17) be **GRANTED**.

4          **DATED:** May 11, 2012.

5

6   _____

7   **UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27