**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DEBORAH J. KESSLER, | ) | 3:11-cv-00321-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The court has considered the report and recommendation of the United States Magistrate Judge (#21) filed on May 11, 2012, in which the magistrate judge recommends that this court deny the plaintiff's motion to remand (#15) and grant the defendant's cross-motion for summary judgment (#17). The plaintiff has filed objections to the report and recommendation (#24), and the defendant has responded (#27).

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, the court hereby accepts and adopts the report and recommendation of the United States Magistrate Judge

1

(#21). In response to the plaintiff's objections, the court notes the following.

First, plaintiff argues that no evidence supports the conclusion that she performed "past relevant work" as an espresso attendant and a room service cashier. However, the administrative law judge ("ALJ") was required to adopt the earlier administrative finding as to the plaintiff's work experience absent "new and material evidence relating to" that finding. AR 97-4(9), 1997 WL 742758, at *3. Plaintiff has not identified any new and material evidence relating to her prior work experience. The ALJ was therefore bound by the earlier determination on the issue of "past relevant work."[1] Plaintiff also argues that a complete record is required to assess whether the earlier determination of her prior work experience was correct. However, plaintiff cites no law suggesting that earlier administrative findings entitled to preclusive effect may be reexamined for accuracy in a subsequent claim for benefits absent "new and material evidence relating to" those findings. As plaintiff has not identified, or even argued, that new and material evidence exists on this issue, the ALJ's reliance on the earlier determination was not erroneous.

Second, plaintiff argues that the ALJ's performance of the mandatory psychiatric review technique "in an extremely cursory manner" was insufficient under *Keyser v. Commissioner of Social Security*, 648 F.3d 721 (9th Cir. 2011). The court disagrees. The ALJ both described the evidence relevant to plaintiff's claim of

---

[1] The court notes that while the ALJ adopted the earlier finding that espresso attendant and room service cashier were "past relevant work," he made an independent determination as to whether plaintiff could perform those positions in light of her residual functional capacity.

2

mental impairment and made explicit findings with respect to each of the four functional areas.  The court finds this sufficient to satisfy both the regulation, 20 C.F.R. § 404.1520a, and *Keyser*.

In accordance with the foregoing, the plaintiff's motion to remand (#15) is **DENIED** and the defendant's cross-motion for summary judgment (#17) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: This 29th day of August, 2012.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE